# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dennis Lee Brown, ) | C/A No. 0:10-1584-RBH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq. The plaintiff, Dennis Lee Brown ("Brown"), brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying his claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

## ADMINISTRATIVE PROCEEDINGS

In January 2004, Brown applied for SSI and DIB. Brown's applications were denied initially and on reconsideration and he requested a hearing before an administrative law judge ("ALJ"). A hearing was held on March 30, 2005 at which Brown appeared and testified. Brown was not represented by counsel at that time. The ALJ also heard testimony from a vocational expert. The ALJ requested that a comprehensive medical examination be scheduled for the claimant following the hearing. A supplemental hearing was held on March 14, 2006 at which Brown appeared and

testified and was represented by Jeffery Sabel, Esquire. The ALJ issued a decision dated July 28, 2006 finding that Brown was not disabled. (Tr.19-27.)

Brown filed a request for Appeals Council review, which was denied on October 30, 2007. Brown filed a Complaint on December 6, 2007, seeking federal judicial review of the Commissioner's decision. On March 30, 2009, the Honorable R. Bryan Harwell, United States District Judge, remanded the case to the Commissioner for further administrative proceedings. Specifically, Judge Harwell remanded the case for the ALJ to properly evaluate the combined effect of the plaintiff's impairments, to consider the plaintiff's Global Assessment of Function ("GAF") scores in making his determination of the plaintiff's residual functional capacity ("RFC"), and to continue the sequential evaluation process. Brown v. Astrue, C/A No. 0:07-3919-RBH (D.S.C. Mar. 30, 2009). The ALJ held a hearing on February 26, 2010 at which Brown appeared and testified and was represented by Beatrice Whitten, Esquire. The ALJ issued a decision dated April 28, 2010, again finding that Brown was not disabled. (Tr. 547-57.)

Brown was born in 1959 and was forty-two years old on the alleged disability onset date. (Tr. 509.) He has a high school education and past relevant work experience as a pantry worker, a mail clerk, and automobile body repairman. (Tr. 63, 67, 69.) Brown alleges disability since March 6, 2002 due to diabetes, high blood pressure, poor circulation, neuropathy in his legs and feet, pain in his back, arthritis in his shoulders, morbid obesity, schizoaffective disorder, diabetic retinopathy, and tinnitus. (Tr. 62, 514-20.)

On remand, the ALJ made the following findings and conclusions:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2007.

2. The claimant has not engaged in substantial gainful activity since March 6, 2002, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: depression, diabetic neuropathy, and morbid obesity (20 CFR 404.1520(c) and 416.920(c)).

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

\* \* \*

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). He can lift up to 20 pounds occasionally and 10 pounds frequently. He can sit, stand, and/or walk for 6 hours each during an 8-hour day. He is limited to performing simple, routine, repetitive tasks. He has some difficulty interacting with others. He is unable to perform overhead work.

\* \* \*

6. The claimant is unable to perform any past relevant work. (20 CFR 404.1565 and 416.965).

\* \* \*

7. The claimant was born on [REDACTED], 1959 and was 42 years old, which is defined as a younger individual on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

\* \* \*

11. The claimant has not been under a disability, as defined in the Social Security Act, from March 6, 2002 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 550-57.)  This action followed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

(1)  whether the claimant is engaged in substantial gainful activity;

(2)  whether the claimant has a "severe" impairment;

(3)  whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4)  whether the claimant can perform his past relevant work; and

(5)  whether the claimant's impairments prevent his from doing any other kind of work.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d

866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUES

Brown raises the following issues for this judicial review:

I.     The ALJ failed to do a proper listing analysis.

II.    The ALJ conducted a flawed credibility analysis.

(Pl.'s Br., ECF No. 21.)

## DISCUSSION

**A.     The Listings**

As discussed above, at Step Three of the sequential evaluation, the Commissioner must determine whether the claimant has an impairment that meets or equals the requirements of one of the impairments listed in the regulations and is therefore presumptively disabled. "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 (1990) (emphasis added). It is not enough that the impairments have the diagnosis of a listed impairment; the claimant must also meet the criteria found in the Listing of that impairment. 20 C.F.R. §§ 404.1525(d), 416.925(d). The Commissioner compares the symptoms, signs, and laboratory findings of the impairment, as shown in the medical evidence, with the medical criteria for the listed impairment. 20 C.F.R. §§ 404.1508, 416.908. The Commissioner can also determine that the claimant's impairments are medically equivalent to a Listing, which occurs when an impairment is at least equal in severity and duration to the criteria of a Listing. 20 C.F.R. §§ 404.1526(a), 416.926(a). There are three ways to establish medical equivalence: (1) if the claimant has an impairment found in the Listings but does not exhibit one or more of the findings specified in the particular Listing or one of the findings is not as severe as specified in the particular Listing, then equivalence will be found if the claimant has "other findings related to [that] impairment that are at least of equal medical significance to the required criteria;" (2) if the claimant has an impairment not described in the Listings but the findings related to the impairment are at least of equal medical significance to those of a particular Listing; or (3) if the claimant has a combination of impairments and no singular impairment meets a particular Listing but the findings related to the impairments are at least of equal medical significance to those of a Listing. 20 C.F.R. §§ 404.1526(b), 416.926(b).

When a claimant has more than one impairment, the ALJ must consider the combined effect of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. 20 C.F.R. §§ 404.1523, 416.923. In Walker v. Bowen, 889 F.2d 47, 49-50 (4th Cir. 1989), the United States Court of Appeals for the Fourth Circuit explained:

> [A] failure to establish disability under the listings by reference to a single, separate impairment does not prevent a disability award. It is axiomatic that disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render claimant unable to engage in substantial gainful activity. In recognizing this principle, this Court has on numerous occasions held that in evaluating the effect[] of various impairments upon a disability benefit claimant, the Secretary must consider the combined effect of a claimant's impairments and not fragmentize them. . . . As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments.

Id. at 49-50 (internal citations omitted). Courts have further held that an ALJ's failure to adequately explain his evaluation of the combined effects prevents appropriate judicial review, as the court is unable to say whether substantial evidence supports the Commissioner's decision, and requires a remand for such explanation. See, e.g., Saxon v. Astrue, 662 F. Supp. 2d 471 (D.S.C. 2009); Washington v. Comm'r of Soc. Sec., 659 F. Supp. 2d 738 (D.S.C. 2009); Alonzeau v. Astrue, C/A No. 0:06-2926-MBS-BM, 2008 WL 313786, at *3 (D.S.C. Feb. 1, 2008).

Brown first argues that the ALJ failed to perform a proper Listings analysis by failing to evaluate the objective medical evidence in determining whether Brown met the requirements of Listing 12.04. Brown also asserts that he meets the requirements of Listing 12.03.

On remand, the ALJ found at Step Three that Brown "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." (Tr. 550.) In making this finding, the ALJ discussed whether Brown met the requirements of Listing 12.04, Affective Disorders. The required level of severity to satisfy Listing

12.04 is met when the criteria in paragraphs "A" and "B" are satisfied or when the criteria in paragraph "C" are satisfied. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04. In this case, the ALJ found that Brown did not satisfy the paragraph "B" criteria, which require that Brown's mental impairments result in at least two of the following:

> 1. Marked restriction of activities of daily living; or
> 2. Marked difficulties in maintaining social functioning; or
> 3. Marked difficulties in maintaining concentration, persistence, or pace; or
> 4. Repeated episodes of decompensation, each of extended duration.

Id. Specifically, the ALJ found that Brown had mild limitations in activities of daily living; mild to moderate limitations in social functioning and in concentration, persistence, or pace; and "no evidence of deterioration or decompensation at work or in work-like settings." (Tr. 551.) The ALJ further found that Brown did not satisfy the paragraph "C" criteria, stating that Brown

> has not experienced repeated episodes of decompensation, each of extended duration. He does not have a residual disease process to the extent that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to compensate. He does not have a current history of one or more year's inability to function outside a highly supportive living arrangement.

(Tr. 551-52.) While Brown argues that he met the "C" criteria, the courts finds that he has failed to demonstrate that the ALJ's findings regarding the paragraph "C" criteria are not supported by substantial evidence.

Similarly, Brown cannot demonstrate that he meets Listing 12.03. Like Listing 12.04, the required level of severity to satisfy Listing 12.03 is met when the criteria in paragraphs "A" and "B" are satisfied or when the criteria in paragraph "C" are satisfied. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.03. The criteria to satisfy paragraphs "B" and "C" of Listing 12.03 are almost identical to the criteria in paragraphs "B" and "C" of Listing 12.04. Therefore, for the same reasons that Brown

has failed to demonstrate that the ALJ's findings with regard to Listing 12.04 are not supported by substantial evidence, he cannot demonstrate that he meets the criteria in Listing 12.03.

Brown further argues that the ALJ erred by failing to properly consider whether the combined effects of Brown's impairments equaled a Listing. As stated above, Judge Harwell previously remanded this case for the ALJ to properly evaluate the combined effect of the plaintiff's impairments. Brown asserts that ALJ failed to comply with Judge Harwell's order in that he only inserted the following sentence into his order: "The claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of Listing 12.04." (Pl.'s Br., ECF No. 21 at 12; Tr. 551.) The court disagrees. Upon review of the ALJ's decision, the court observes that the ALJ also included an additional paragraph discussing Brown's impairments of morbid obesity, depression, and diabetic neuropathy in combination. The ALJ analyzed the combined effect of these impairments on Brown's ability to perform work activities and concluded that "there is no evidence that the combined effects of obesity and the listing impairments [met] listing level severity." (Tr. 552.) The court finds that the ALJ included sufficient findings regarding the combination of Brown's impairments for the court to review his conclusion on this issue. Further, the ALJ's discussion is sufficient to comply with Judge Harwell's order and the requirements of Walker.

**B.    Credibility**

In evaluating subjective complaints, the United States Court of Appeals for the Fourth Circuit has stated that "the determination of whether a person is disabled by pain or other symptoms is a two-step process." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). In this matter only the second

step is at issue,[1] during which the ALJ must expressly consider "the intensity and persistence of the claimant's pain [or other symptoms] and the extent to which it affects [his] ability to work." Id. In making this determination, the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p. "[A]llegations concerning the intensity and persistence of pain or other symptoms may not be disregarded *solely* because they are not substantiated by objective medical evidence." Id. (emphasis added). "This is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs [his] ability to work." Craig, 76 F.3d at 595. A claimant's subjective complaints "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the [symptoms] the claimant alleges [he] suffers." Id. The social security regulations inform claimants that in evaluating subjective complaints, the Commissioner will consider the following relevant factors:

    (i)     Your daily activities;
    (ii)    The location, duration, frequency, and intensity of your pain or other symptoms;
    (iii)   Precipitating and aggravating factors;
    (iv)   The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;

---

[1] The first step requires there to "be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig, 76 F.3d at 594 (internal quotation omitted).

      (v)      Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
      (vi)     Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
      (vii)    Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

In this case, the ALJ found that Brown's "statements concerning the intensity, persistence and limiting effects of [his alleged] symptoms are not fully credible to the extent that they are inconsistent with the [] residual functional capacity assessment." (Tr. 553; see also Tr. 554.) Brown argues that in reaching this conclusion, the ALJ primarily relied on his finding that "no treating source has concluded that [he] is unable to work." (Pl.'s Br., ECF No. 21 at 12; see also Tr. 554.) However, the ALJ's decision reflects that he also expressly considered several factors in discounting the credibility of Brown's subjective complaints. For example, the ALJ found that "[t]he evidence does not show strength deficits, circulatory compromise, neurological deficits, muscle spasms, or atrophy which are reliable indicators of long-standing pain, physical inactivity or depression." (Tr. 555.) The ALJ also observes that the medical evidence indicated that Brown was slightly limited by his obesity, but he did not testify as to any limitations from this impairment. (Id.) The ALJ found Brown credible to the extent that medium to heavy lifting would cause him to experience arthritis-type pain and symptoms. (Tr. 556.)

Upon a thorough review of the record as a whole, the court finds that the ALJ did not err in his analysis in determining the credibility of Brown's subjective complaints. See Craig, 76 F.3d at 595. In determining that Brown's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely credible, the ALJ considered Brown's subjective complaints in conjunction with the medical evidence and the other evidence of record. Accordingly,

Page 11 of 13



Brown has failed to demonstrate that the ALJ erred in finding that Brown's subjective complaints are inconsistent with the record. See Hines v. Barnhart, 453 F.3d 559, 565 n.3 (4th Cir. 2006) (noting that a claimant's allegations "need not be accepted to the extent that they are inconsistent with available evidence"); Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1993) (*per curiam*) (finding that the ALJ may properly consider inconsistencies between a plaintiff's testimony and the other evidence of record in evaluating the credibility of the plaintiff's subjective complaints). Moreover, the court may not substitute its judgment for the ALJ's. See Craig, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence). Based on the record as a whole, the court cannot say that the ALJ's determination as to Brown's credibility is not supported by substantial evidence or controlled by an error of law.

## RECOMMENDATION

For the foregoing reasons, the court finds that Brown has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517. The court therefore recommends that the Commissioner's decision be affirmed.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 13, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).