IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Dennis Lee Brown, | Civil Action No.: 0:10-cv-01584-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| Michael J. Astrue, Commissioner of the Social Security Administration, | |
| Defendant. | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Paige J. Gossett.[1] Plaintiff Dennis Lee Brown brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying Plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act. In her R&R, the Magistrate Judge recommends affirming the decision of the Commissioner.

**Factual Findings and Procedural History**

Plaintiff applied for disability insurance benefits and supplemental security income benefits in January 2004, alleging that he became unable to work on March 6, 2002. The applications were denied initially and on reconsideration. On May 6, 2008, Plaintiff requested a hearing before the Administrative Law Judge ("ALJ"). That hearing was held on March 30, 2005, and Plaintiff appeared and testified. A vocational expert also testified. Because the ALJ requested a comprehensive medical examination, a supplemental hearing was held on March 14, 2006, and the

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to the Magistrate Judge.

ALJ issued a decision dated July 28, 2006, finding that Plaintiff was not disabled. The ALJ's finding became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for further review on October 30, 2007.

Plaintiff filed a complaint on December 6, 2007, seeking judicial review of the Commissioner's decision. On March 30, 2009, this Court remanded the case to the Commissioner for further administrative proceedings. Specifically, the Court ordered a proper evaluation of the combined effect of Plaintiff's impairments, to consider Plaintiff's Global Assessment of Function ("GAF") scores in making his determination of Plaintiff's residual functional capacity, and to continue the sequential evaluation process. *Brown v. Astrue*, No. 0:07-cv-03919-RBH (D.S.C. Mar. 30, 2009). The ALJ held a hearing on February 26, 2010 at which Plaintiff appeared and testified. In light of the Court's remand, the ALJ issued a decision dated April 28, 2010, again finding that Plaintiff was not disabled. The ALJ's overall findings were as follows:

> 1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2007.
>
> 2. The claimant has not engaged in substantial gainful activity since March 6, 2002, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: depression, diabetic neuropathy, and morbid obesity (20 CFR 404.1520(c) and 416.920(c)).
>
> . . .
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> . . .
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as

> defined in 20 CFR 404.1567(b) and 416.967(b). He can lift up to 20 pounds occasionally and 10 pounds frequently. He can sit, stand, and/or walk for 6 hours each during an 8-hour day. He is limited to performing simple, routine, repetitive tasks. He has some difficulty interacting with others. He is unable to perform overhead work.
>
> . . .
>
> 6. The claimant is unable to perform any past relevant work. (20 CFR 404.1565 and 416.965).
>
> . . .
>
> 7. The claimant was born on [REDACTED], 1959 and was 42 years old, which is defined as a younger individual on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).
>
> . . .
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from March 6, 2002, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

Tr. 550-57

On June 18, 2010, Plaintiff filed this action seeking judicial review of the Commissioner's decision. Compl., ECF No. 1. Both Plaintiff and the Commissioner filed briefs, ECF Nos. 21, 24, & 25, and the Magistrate Judge issued her R&R on June 13, 2011, recommending that the Commissioner's decision be affirmed, R&R, ECF No. 27. Plaintiff filed timely objections to the

3

R&R on June 30, 2011, Pl.'s Objs., ECF No. 30, and the Commissioner replied on July 14, 2011, ECF No. 30.

**<u>Standard of Review</u>**

The role of the federal judiciary in the administrative scheme established by the Act is a limited one. The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citations omitted).

This statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1973) (holding that the Court must uphold the decision supported by substantial evidence "even should [it] disagree"). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assume that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Furthermore, a *de novo* review is conducted of the Magistrate Judge's R&R. 28 U.S.C. § 636(b)(1). The R&R is only a recommendation to the Court and has no presumptive weight; indeed, the responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. § 636(b)(1).

The right to *de novo* review, however, may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). In that event, however, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **Applicable Law**

Under the Act, Plaintiff's eligibility for the benefits he is seeking hinges on whether he is under a "disability." 42 U.S.C. § 423(a). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." *Id.* § 423(d)(1)(A). "The ultimate burden to prove disability lies on the claimant." *Preston v. Heckler*, 769 F.2d 988, 991 n.* (4th Cir. 1985).

5

A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. §§ 404.1520(d) & 416.920(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that he could not perform his customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. §§ 404.1560(a) & § 416.960(a). These factors include the claimant's (1) "residual functional capacity," *id.* §§ 404.1560(a) & 416.960(a); (2) age, *id.* §§ 404.1563 & 416.963; (3) education, *id.* §§ 404.1564 & 416.964; (4) work experience, *id.* §§ 404.1565 & 416.965; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id.* §§ 404.1566 & 416.966. If the assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id.* §§ 404.1560(c)(1) & 416.960(c)(1). The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. §§ 404.1520 & 416.920, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether he suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents him from returning to his previous work, and (5) whether the impairment prevents him from performing some other available work.

**Analysis**

Plaintiff raises two objections to the Magistrate Judge's R&R. First, he argues the Magistrate Judge applied the same incorrect standard applied by the Commissioner. Specifically, Plaintiff contends as follows:

> [T]he analysis of the combined effect of a [p]laintiff's impairments centers on the fact that the actual effects of multiple impairments so erode a [p]laintiff's functional capacity as to render him disabled; not that they combine to "meet or equal" listing-level impairments. It has not been shown that the ALJ's decision in this regard rests on substantial evidence, nor that he complied with [this Court's] order[2] and the requirements of *Walker[v. Bowen*, 889 F.2d 47 (4th Cir. 1989)].[3]

---

[2] This Court "agree[ed] with [Plaintiff] that the [Commissioner's] decision did not make sufficient findings regarding the combination of his impairments for the Court to review those findings. Therefore, the case [was] remanded for the Commissioner to properly evaluate the combination of impairments, as argued by [Plaintiff]." *Brown v. Astrue*, No. 0:07-cv-03919-RBH, at 6 (D.S.C. Mar. 30, 2009).

[3] In *Walker*, the Fourth Circuit held as follows:

> [A finding that a claimant's impairments do not meet or medically equal a listed impairment] is not sufficient to foreclose disability. Congress explicitly requires that "the combined effect of all the individual's impairments" be considered, "without regard to whether any such impairment if considered separately" would be sufficiently severe . . . Therefore, a failure to establish disability under the listings by reference to a single, separate impairment does not prevent a disability award.
>
> After finding that claimant failed to meet a listing, the [Commissioner] went on to discuss each of claimant's impairments but failed to analyze the cumulative effect the impairments had on the claimant's ability to work. He simply noted the effect or noneffect of each and found that the claimant could perform light and sedentary work. It is axiomatic that disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render claimant unable to engage in substantial gainful activity. In recognizing this principle, this Court has on numerous occasions held that in evaluating the effective of various impairments upon a disability benefit claimant, the Secretary must consider the combined effect of a claimant's impairments and not fragmentize them.

Pl.'s Objs. 1-2.  Second, Plaintiff maintains the Magistrate Judge's conclusion that the Commissioner's credibility finding was not flawed was erroneous, particularly because she "was unable to point to a portion of the written opinion which took into account the factors cited for evaluating subjective complaints." *Id.* at 2.  Because the Commissioner's findings regarding Plaintiff's credibility are critical in determining the severity of Plaintiff's impairments, both individually and in combination, the Court addresses Plaintiff's objections in reverse order.

*1. Plaintiff's Credibility*

The Magistrate Judge concludes that the Commissioner "did not err in his analysis in determining the credibility of [Plaintiff's] subjective complaints." R&R 11.  However, Plaintiff objects, arguing the Magistrate Judge was "unable to point to a portion of the written opinion which took into account the factors cited for evaluating subjective complaints." Pl.'s Objs. 2.

Under 20 C.F.R. §§ 404.1529(b) and 416.929(b), "the determination of whether a person is disabled by pain or other symptoms is a two-step process." *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996).  The threshold requirement is that there be "a showing by objective [medical] evidence of the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by [Plaintiff]." *Id.* (internal quotation marks omitted).  Once the Commissioner concludes that this threshold requirement has been met, the Commissioner must evaluate "the intensity and persistence of [Plaintiff's] pain, and the extent to which it affects [his]

---

> As a corollary to this rule, the [Commissioner] must adequately explain his or her evaluation of the combined effects of the impairments.

*Walker*, 889 F.2d at 49-50 (citations omitted).

ability to work."[4] *Id.* at 595. "[T]his evaluation must take into account not only [Plaintiff's] statements about [his] pain, but also 'all the available evidence,' including [Plaintiff's] medical history, medical signs, and laboratory findings; any objective medical evidence of pain . . . ; and any other evidence relevant to the severity of the impairment, such as evidence of [Plaintiff's] daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it." *Id.* (citations omitted). The Commissioner may not disregard or discredit the Plaintiff's statements about pain "solely because they are not substantiated by objective medical evidence." SSR 96-7p; *see also Craig*, 76 F.3d at 595. The Fourth Circuit has held that once a plaintiff meets the "threshold obligation of showing by objective medical evidence a condition reasonably likely to cause the pain claimed, [Plaintiff is] entitled to rely exclusively on subjective evidence to prove the second part of the test, *i.e.*, that [the] pain is so continuous and/or severe that it prevents [Plaintiff] from working a full . . . day." *Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006).

However,

> [t]his is not say . . . that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs [his] ability to work. They most certainly are. Although a claimant's allegations about [his] pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that

---

[4] Specifically, the following factors relevant to one's pain and symptoms will be considered by the Commissioner: (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate the pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment that the individual uses or has used to relieve pain or other symptoms (such as lying flat on one's back, standing for 15 to 20 minutes each hour, etc.); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3) & 416.929(c)(3).

9

> impairment can reasonably be expected to cause the pain the claimant alleges [he] suffers.

*Craig*, 76 F.3d at 595. Finally, the Commissioner's "determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p.

Plaintiff contends the Magistrate Judge "misapprehended the relevant regulations in dismissing [Plaintiff's] contentions regarding the [Commissioner's] flawed credibility finding." His objection focuses on the Commissioner's failure to expressly list the factors.[5] While the Court agrees that the Magistrate Judge appears to have misconstrued Plaintiff's argument, this Court cannot find her overall recommendation was in error.

The Commissioner's mere failure to expressly list the factors of §§ 404.1529(c)(3) and 416.929(c)(3) is not legal error. *See, e.g.*, *Fisher v. Barnhart*, 181 F. App'x 359, 363 (4th Cir. 2006) (affirming the Commissioner's credibility determination). Here, the Commissioner considered parts of Plaintiff's testimony relevant to the factors. Specifically, he summarized: (1) Plaintiff spent most of his day lying down and listening to the radio, and occasionally cooked and left the home to shop with his wife; (2) Plaintiff experienced pain in his right shoulder, his back, his legs, and his feet, felt nothing in his toes, and was nervous around people; (3) Plaintiff was "unable to push and pull and reach overhead" and had difficulty sitting and being around other people; (4) Plaintiff took prescribed medications for his pain and mental health; (5) Plaintiff went to a mental health clinic on a regular basis and saw a social worker regularly; (6) Plaintiff used a cane to walk and qualified for

---

[5] In fact, Plaintiff argues the Commissioner's "primary finding regarding [his] credibility was that 'no treating source has concluded that [he] is unable to work.'" Pl.'s Mem. 12, ECF No. 21 (alterations in original and added). This argument, however, ignores other very relevant findings throughout the Commissioner's decision.

10

a walker. Tr. 553. This testimony was relevant in evaluating the intensity, persistence, and functionally limiting effects of Plaintiff's complaints of pain in light of the medical evidence.

Ultimately, the Commissioner found Plaintiff's statements were "not entirely credible," relying instead on medical opinions that Plaintiff "could perform light work with some restrictions and [had] mild to moderate difficulties with interacting."[6] Tr. 554. Without prejudicial legal error, the Court is unable to reverse a decision of the Commissioner that is supported by substantial evidence. *See Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (finding the Commissioner

---

[6] In his objections, Plaintiff does not challenge the Magistrate Judge's conclusion that she "cannot say" the Commissioner's "determination as to [Plaintiff's] credibility is not supported by substantial evidence." Regardless, the Court finds that the Commissioner expressly used medical evidence in making his findings and in evaluating Plaintiff's allegations, and some of those findings were highlighted by the Magistrate Judge. Specifically, the Commissioner found as follows:

> The evidence does not show strength deficits, circulatory compromise, neurological deficits, muscle spasms, or atrophy which are reliable indicators of long-standing pain, physical inactivity, or depression. The medical evidence indicates that [Plaintiff] is slightly limited by obesity, in that he has reduced range of motion of the right arm, his legs, and his lumbar spine due to his weight. However, [Plaintiff] did not testify to any limitations as a result of his obesity. [Plaintiff's] x-ray of the lumbar spine was negative. Although he has a diagnosis of severe depression, he remains alert and oriented with good memory and good concentration.
>
> . . .
>
> I find [Plaintiff] credible to the extent that he would experience arthritis type pain and symptoms with medium to heavy lifting. . . . [Plaintiff] has demonstrated the ability to perform all the mental activities generally required by competitive work, such as understanding, remembering and carrying out simple instructions, as demonstrated by the ability to drive and cook. In addition, [Plaintiff's] treatment records fail to demonstrate that his ability to respond appropriately to supervision, co-workers and usual work situations or to deal with changes in a routine work setting have been significantly compromised by his depression.

Tr. 555-56.

11

"would have reached the same result notwithstanding his initial error"); *Morgan v. Barnhart*, 142 F. App'x 716, 724 (4th Cir. 2005). Plaintiff's objection, therefore, is overruled.

*2. Combined Effect Analysis*

The Magistrate Judge concludes that (1) the Commissioner made "sufficient findings regarding the combination of [Plaintiff's] impairments for the [C]ourt to review his conclusion on the issue" and (2) that the Commissioner's "discussion is sufficient to comply with [the Court's] order and the requirements of *Walker*." R&R 9.

The Commissioner found Plaintiff had three severe impairments: depression, diabetic neuropathy, and morbid obesity; and Plaintiff does not seek judicial review of those findings. Moreover, Plaintiff does not object to the Magistrate Judge's conclusion that the Commissioner properly found Plaintiff's impairments did not meet or medically equal a listed impairment. Plaintiff, instead, contends that the Commissioner failed to adequately assess whether the combined effect of his impairments eroded his functional capacity enough to render him disabled. The Court disagrees.

In *Walker*, the Fourth Circuit emphasized that the Act required consideration of the effect of a claimant's impairments in combination when determining disability. The Commissioner, there, conducted a *fragmented* analysis of the claimant's impairments. 889 F.2d at 50. "He simply noted the effect or noneffect of each [impairment] and found that the claimant could perform light and sedentary work." *Id.* at 49-50. Ultimately, the claimant was found not disabled based on a residual functional capacity to perform "sedentary and light work limited only by his inability to work around unprotected heights because of his seizure disorder." *Id.* at 48. The Fourth Circuit, in order to ensure that the Commissioner conducted a combined effect analysis, held that the administrative decision "must adequately explain [the Commissioner's] evaluation of the combined effects of the

impairments." *Id.* at 50. The case was remanded for proper consideration of the combined effect of claimant's impairments. *Id.*

In the decades since the *Walker* decision, the Fourth Circuit has provided very little elaboration about the meaning of "adequate."[7] In an unpublished opinion, the court found that a district court had "correctly determined that the [Commissioner] had adequately explained his evaluation of the combined effect of [a claimant's] impairments." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, at *3 (4th Cir. 1995). Although the issue there regarded medical equivalence—a factor in determining whether impairments meet listing level severity—the opinion sheds light on the Fourth Circuit's threshold for analyzing the combined effect of a claimant's symptoms on his ability to engage in substantial gainful activity, suggesting *Walker* was not meant to be used as a trap for the Commissioner. The court focused on the Commissioner's conclusions that he considered the combination of the claimant's impairments in determining disability and noted findings consistent with that conclusion. *Id.* Accordingly, the adequacy requirement of *Walker* is met if it is clear from the decision as a whole that the Commissioner considered the combined effect of a claimant's impairments. Most importantly, when multiple impairments are present, this Court must be satisfied that the Commissioner's decision regarding disability is not founded on a fragmentized analysis of those impairments. *Walker*, 889 F.2d at 50. If the Commissioner's

---

[7] Other circuit courts have shown great deference to the Commissioner in addressing the same issue. *See, e.g.*, *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987) ("[T]he fact that each element of the record was discussed individually hardly suggests that the totality of the record was not considered, particularly in view of the fact that the ALJ specifically referred to 'a combination of impairments' in deciding that [the plaintiff] did not meet the 'listings.' "); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992) ("After separately discussing [the plaintiff's] physical impairments, affective disorder, and complaints of pain, as well as her daily level of activities, the ALJ found that her impairments do not prevent her from performing her past relevant work. To require a more elaborate articulation of the ALJ's thought processes would not be reasonable." (internal quotation marks omitted)); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988) ("Finally [the plaintiff] argues that the ALJ did not consider the combined effects of his impairments. The ALJ's opinion addresses [the plaintiff's] various impairments, and we find nothing to suggest they were not properly considered.").

13

analysis is fragmentized, it is, of course, the Plaintiff's task to adequately show the Court that the Commissioner's decision could have been different had he done an adequate combined effect analysis of his multiple impairments.[8] *See Mickles*, 29 F.3d at 921; *Morgan*, 142 F. App'x at 724.

Here, the decision as a whole indicates that, on remand, the Commissioner performed an adequate combined effect analysis of Plaintiff's multiple impairments. The Commissioner assessed the effects of Plaintiff's depression, diabetic neuropathy, and obesity in light of the medical evidence, the opinions of medical professionals, and Plaintiff's testimony. Importantly, the Commissioner, on remand, unambiguously considered Plaintiff's impairments in combination in concluding the following:

> After a thorough review of the evidence of the record, I find that the claimant's impairments of morbid obesity, depression, *and* diabetic neuropathy do not have a negative effect upon the claimant's ability to perform routine movement beyond the light residual functional

---

[8] This holding is consistent with other recent rulings from this district. *See, e.g.*, *Wright v. Astrue*, 2:10-cv-02449-DCN, 2011 WL 5403070 (D.S.C. Nov. 8, 2011) (adopting the Magistrate Judge's R&R, 2:10-cv-02449-DCN-BHH, 2011 WL 5403104 (Oct. 18, 2011) ("The plaintiff's objection stops largely at the accusation that the ALJ's consideration is too thin, which, as the plaintiff contends, is the appropriate legal point, considering the applicable standard of review, but fails to take the additional step of suggesting how the outcome could have been different. In other words, there is a failure to demonstrate anything more than the harmlessness of the error.")); *Robinson v. Astrue*, 2:10-cv-00185-DCN, 2011 WL 4368396, at *5 (D.S.C. Sept. 19, 2011) ("The structure of the ALJ's analysis of plaintiff's conditions indicates that the ALJ did, in fact, consider the conditions in combination. This analysis places the facts of this case outside of the circumstances in *Walker v. Bowen*. While plaintiff states each alleged ailment again in her objection, she does not point to any medical evidence which could demonstrate that the ALJ's analysis was not supported by substantial evidence. Though a more thorough analysis may be required in some cases, plaintiff fails to demonstrate how any additional discussion would have produced a different result. Thus, it appears that the ALJ did not err, and if he did, the error was harmless."); *Thornsberry v. Astrue*, 4:08-cv-04075-HMH, 2010 WL 146483, at *5 (D.S.C. Jan. 12, 2010) ("Accordingly, the court finds that while the ALJ could have been more explicit in stating that his discussion dealt with the combination of Thornsberry's impairments, his overall findings adequately evaluate the combined effect of Thornsberry's impairments. Any error on the part of the ALJ in failing to use explicit language is harmless."); *Ingram v. Astrue*, 3:07-cv-00823-GRA, 2008 WL 3823859, at *2 (D.S.C. Aug. 12, 2008) ("[T]he ALJ's separate discussion of each of Plaintiff's impairments *indicates* that he considered them 'in combination.' This Court finds that such an explanation is adequate." (emphasis added)).

capacity stated above or upon the ability to sustain function and engage in work over an 8-hour day.[9]

Tr. 552 (emphasis added). This finding clearly indicates that the Commissioner considered Plaintiff's impairments in combination, which is consistent with *Walker*. While it could have been more thorough, such error is harmless.

Key to the analysis is the Commissioner's determination of Plaintiff's residual functional capacity. The determination turned on findings regarding the severity of each of Plaintiff's impairments and was arrived at after an analysis influenced to a great degree by Plaintiff's credibility, but also supported by medical opinions and evidence. After a review of the administrative decision, the Court finds that the Commissioner considered the combined effect of Plaintiff's impairments and that his consideration was supported by substantial evidence. Without restating the decision, the Court notes the Commissioner addressed the symptoms of each of Plaintiff's impairments and adjusted his residual functional capacity accordingly. *See* Tr. 556. A finding that his analysis here was fragmentized would impose a standard too strict to remain within the scope of this Court's mission under § 405(g), which mandates great deference to the Commissioner. Indeed, "[t]o require a more elaborate articulation of the [Commissioner's] thought processes would not be reasonable." *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). The Court therefore finds no error in the Magistrate Judge's conclusion that the combined effect of Plaintiff's impairments were properly evaluated under *Walker*. A second remand to the Commissioner would serve no purpose here. Plaintiff's objection is overruled.

---

[9] The Commissioner also noted that "[a]lthough the evidence indicates that the claimant is obese, has symptoms of neuropathy, and moderate symptoms of depression, there is no evidence that the combined effects of obesity and the listing level impairments meet listing level scrutiny." Tr. 552.

**Conclusion**

The Court has thoroughly reviewed the entire record as a whole, including the transcript, the briefs, the Magistrate Judge's R&R, Plaintiff's objections to the R&R, and applicable law. For the reasons set forth above and by the Magistrate Judge, the Court hereby overrules the Plaintiff's objections and adopts and incorporates by reference the R&R of the Magistrate Judge. The Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

August 28, 2012
Florence, South Carolina